Timotheo RIVERA, Petitioner–
Appellant,

v.

Doug DRETKE, Director, Texas Depart-
ment of Criminal Justice, Correction-
al Institutions Division, Respondent–
Appellee.

No. 04–50548.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 4, 2005.

Timotheo Rivera, Gatesville, TX, pro se.

Before WIENER, BENAVIDES and
STEWART, Circuit Judges.

PER CURIAM: *

IT IS ORDERED that the motion of
Timotheo Rivera, Texas prisoner # 855199,
for a certificate of appealability (COA) to
appeal from the dismissal of his 28 U.S.C.
§ 2254 habeas corpus application as time-
barred pursuant to 28 U.S.C. § 2244(d) is
GRANTED. Rivera's motion for leave to
proceed in forma pauperis (IFP) is also
GRANTED. Rivera's motion for certifica-
tion of a question to the Texas Court of
Criminal Appeals or, in the alternative, for
an order for the respondent to produce the
state-court record or, in the alternative,
for supplementation of the record on ap-
peal is DENIED. Rivera challenges his
state-court murder conviction.

Rivera alleges that he filed his state
habeas application in November 2003, and
not on January 14, 2004, as he acknowl-
edges he alleged in the district court, and
he contends that his state habeas applica-
tion was timely to toll the limitations peri-
od and render his federal habeas applica-
tion timely. A COA may issue only if
Rivera makes "a substantial showing of
the denial of a constitutional right." 28
U.S.C. § 2253(c)(2). "The COA determi-
nation under § 2253(c) requires an over-
view of the claims in the habeas petition
and a general assessment of their merits."
*Miller–El v. Cockrell,* 537 U.S. 322, 336,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Because his habeas application was dismissed on procedural grounds, Rivera also must demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

The record indicates that Rivera's state habeas application was received and filed in the Texas Court of Criminal Appeals on January 14, 2004. However, the date that the application was filed in the court of conviction is unclear from the record. *See* TEX.CODE CRIM. P. ANN. art. 11.07 § 3(b)(Vernon supp.2004). We therefore cannot determine whether or not Rivera's federal habeas application was time-barred. It is conceivable that Rivera filed his state habeas application in time to toll the one-year limitations period of 28 U.S.C. § 2244(d)(1) and render his federal habeas corpus application timely. *See* 28 U.S.C. § 2244(d)(2). We therefore grant Rivera's COA motion, vacate the order dismissing his habeas application, and remand the case for further proceedings in the district court.

COA GRANTED; IFP GRANTED; MOTION TO CERTIFY QUESTION, ORDER PRODUCTION OF RECORD, OR SUPPLEMENT RECORD DENIED. VACATED AND REMANDED.